UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID L. RANDLE,

       Plaintiff,

                 **DECISION AND ORDER**
                 08-CV-579A

  v.

GERALD J. RAKIECKI,[1]

       Defendant.

---

## INTRODUCTION

*Pro se* plaintiff David Randle filed a complaint on August 5, 2008 alleging that defendant, a police officer at the Veterans Health Administration Medical Center ("VA") in Buffalo, New York, unlawfully arrested him after a patient visit on April 28, 2008. On September 28, 2009, defendant filed a motion for dismissal and for summary judgment.[2] Defendant argues for dismissal on the grounds that plaintiff has not pled any factual circumstances that can be assessed for plausibility, let alone considered plausible. For the reasons below, the Court will grant defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The Clerk of the Court is directed to amend the caption of this case to reflect defendant's proper name.

[2] Also pending are a motion for appointment of counsel and a cross-motion for summary judgment by plaintiff. The Court inferred these motions from plaintiff's October 2, 2009 response to defendant's motion. (*See* Dkt. No. 16.)

## BACKGROUND

This case concerns two arrests that occurred on April 28, 2008 for possession and use of alcohol and marijuana on VA property. That day, defendant was on duty and on foot patrol on VA property when he noticed a man sitting in a parked car in a handicapped parking spot in a VA parking lot. According to information available in the docket, defendant noticed that the man was shifting back and forth in the car and appeared to be "struggling." Defendant decided to approach the car, and noticed that the man inside was drinking an alcoholic beverage. When defendant reached the car, he noticed what he believed to be a marijuana "blunt" cigar on the center console next to the man. Defendant then radioed fellow police officers for assistance and introduced himself to the man in the car as a VA police officer. After asking the man to exit the car, defendant placed the man against the car and told him that he was being detained for possession and consumption of alcohol. Defendant also told the man that he suspected that the cigar on the console contained marijuana. The man admitted that the cigar contained marijuana. The man also identified himself as Taurrez Livingston, who turned out to be plaintiff's brother-in-law.

While defendant was waiting for other officers to arrive, plaintiff exited the VA after a patient visit and approached the car. Defendant asked plaintiff to show his hands, and plaintiff identified himself and stated that he owned the car in

question.³ Defendant then instructed plaintiff to place his hands on the trunk of the car, to remain quiet, and not to move. Once other officers arrived at the scene, defendant confiscated one unused and one burnt marijuana cigar along with one opened and two unopened bottles of an alcoholic beverage labeled "twisted tea hard iced tea." Plaintiff and his brother-in-law were then escorted to the VA Police Office for further information and processing. At the Police Office, plaintiff's brother-in-law admitted to having additional marijuana on his person. Defendant issued violation notices to both plaintiff and his brother-in-law, charging them with violations of 38 C.F.R. § 1.218(b)(17–18). Plaintiff's brother-in-law eventually pled guilty to a charge of possession of alcohol and an open container and was fined $35. The docket is not clear as to the ultimate disposition of plaintiff's charges, though plaintiff's complaint suggests that all charges against him were dismissed.

As noted above, plaintiff commenced this case by filing a form complaint on August 5, 2008. In the complaint, plaintiff stated that the basis of jurisdiction in this Court is "unlawful arrest (no probable cause)." Plaintiff wrote that the nature of the suit is "I don't know I request the presiding judge to decide unlawful arrest [sic]." The complaint contained one claim for unlawful arrest, alleging that defendant "charged me / made me go to court for no reason (more than once)."

---

³ Defendant claims that plaintiff also admitted to owning "everything" inside the car, presumably meaning the contraband found inside that was seized. Plaintiff disputes ever making this admission. On this issue, the Court will note only that its resolution of the case does not require deciding whether plaintiff in fact made this admission.

Through a prior Order of November 6, 2008, the Court construed the claim in plaintiff's complaint as a claim for damages related to a Fourth Amendment violation, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In requesting dismissal of this case, defendant argues that plaintiff has pled no facts that, if construed as true, would make plausible the assertion that defendant lacked probable cause. Defendant argues further that plaintiff's assertion of false arrest, without any alleged factual foundation, is only a legal conclusion that cannot be assumed to be true for purposes of the motion to dismiss. Finally, defendant asserts that he had probable cause to arrest defendant based on the circumstances that he observed on April 28, 2008, including his direct observation of contraband on VA property and plaintiff's admission that he owned the car in which defendant observed the contraband.

## DISCUSSION

"As an initial matter, the Court is mindful that Plaintiff[] [is] proceeding *pro se*, and that [his] submissions should thus be held to less stringent standards than formal pleadings drafted by lawyers. Moreover, when plaintiffs bring a case *pro se*, the Court must construe their pleadings liberally and should interpret them to raise the strongest arguments that they suggest. Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). In that context,

plaintiff's complaint could be construed very broadly as asserting two possible claims: a *Bivens* claim for damages resulting from a Fourth Amendment violation; or a claim for false arrest and false imprisonment under the Federal Court Claims Act, specifically 28 U.S.C. § 2680(h). Both of those claims, however, ultimately would hinge on whether defendant had probable cause when arresting plaintiff. Consequently, the Court must examine the legal sufficiency of plaintiff's allegation that his arrest was unlawful because of a lack of probable cause. As is appropriate in any motion to dismiss, the Court must do so while "taking [the complaint's] factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted).

"To prove false arrest under New York law, the plaintiff must show: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged . . . . Probable cause exists when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. A finding of probable cause is made based on the totality of the circumstances." *Li v. Aponte*, No. 05 Civ. 6237, 2008 WL 4308127, at *5 (S.D.N.Y. Sept. 16, 2008) (internal quotation marks and citations omitted). Here, only the fourth false arrest criterion is at issue. Plaintiff does not dispute that he owned the car in which his brother-in-law was observed

consuming an alcoholic beverage and sitting next to a marijuana cigar. Federal regulations prohibit the use, introduction, or possession of alcohol and illegal drugs on VA property. *See* 38 C.F.R. §§ 1.218(a)(7), 1.218(b)(17–18). From plain observation at a distance, then, defendant had ample reason to believe that plaintiff's brother-in-law was violating federal regulations. Defendant also had ample reason to believe that plaintiff, as the owner of the car in question, had something to do with alcohol and illegal drugs entering VA property in violation of federal regulations. Defendant's decision to detain plaintiff thus was reasonable, and plaintiff has not alleged at all that defendant did or said anything during the detention that could amount to a constitutional violation under even the most liberal reading of the complaint.

Additionally, the Court's finding of probable cause extends qualified immunity to defendant. "Even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was arguable probable cause to arrest. Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks and citations omitted). Here again, defendant plainly observed a clear and undisputed violation of federal regulations occurring in plaintiff's car before he even introduced himself to plaintiff and his brother-in-law. Defendant had ample,

objective reason to proceed as he did with detaining the two men in question and issuing violation notices. Under these circumstances, qualified immunity bars further litigation of plaintiff's claim.

Plaintiff's request for appointment of counsel is denied, not only because the legal deficiency in the complaint makes an appointment unnecessary but also because there is no constitutional right to counsel in civil cases. This case also fails to meet the criteria for a discretionary appointment of counsel pursuant to *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

## CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss is granted while his motion for summary judgment is denied as moot. Plaintiff's motion for appointment of counsel is denied. Plaintiff's cross-motion for summary judgment also is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 7, 2009